STATE v. ENOCH WYNNE.

(Filed 15 September, 1909.)

1. Indictment, Bill of—Offense Charged—Evidential Matters—Surplusage—Motion to Quash.

The use of superfluous words in a bill of indictment should be disregarded, and it is error to dismiss a bill on motion to quash which sufficiently charges an "unlawful sale of liquor by the small measure," because of other matters therein found by the grand jury which are only evidential. Revisal, sec. 3254.

2. Indictment, Bill of—Offense Charged—Special Verdict.

The grand jury cannot find a special verdict by adding evidential matters in a bill of indictment which otherwise sufficiently charges the offense.

3. Same—Questions for Jury.

Evidential matters contained in a bill of indictment can furnish no ground for the trial judge to consider quashing the bill, when otherwise it is sufficient, as such would be an invasion of the province of the petty jury.

APPEAL from *Peebles, J.,* April Term, 1909, of WASHINGTON.

*Attorney-General* for the State.

Defendant not represented in this Court.

CLARK, C. J. The indictment is as follows: "The jurors for the State, upon their oaths, present: That Enoch Wynne, late of the county of Washington, on the _____ day of February, in the year of our Lord one thousand nine hundred and nine, with force and arms, at and in the county aforesaid, unlawfully and willfully did sell spirituous liquors by the small measure to Alex. Weaver and Alonzo Wynne, said sale having been made in manner as follows, to-wit: Said Enoch Wynne ordered, at request of said Alonzo Wynne and Alex. Weaver, from Norfolk, Va., in a single shipment, in two separate bottles of whiskey for each of them, not separately marked and designated, and not capable of identification as to the several owners, and delivered one of said bottles to each of them in Washington County, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

It was error to grant the motion to quash. The bill charges an "unlawful sale of liquor by the small measure." It is unnecessary to pass upon the effect of the evidential matters charged. The bill is complete without them. *Utile per inutile non vitiatur.* A verdict of guilty, or not guilty, is only as to the offense charged—not of surplus or evidential matters alleged. Revisal, sec. 3254, forbids a bill to be quashed "if sufficient matters appear therein to enable the court to proceed to judgment." The use of superfluous words will be disregarded. *State v. Guest,* 100 N. C., 411; *State v. Arnold,* 107 N. C., 861; *State v. Darden,* 117 N. C., 697; *State v. Piner,* 141 N. C., 760. In the old indictment for murder, the depth, width and nature of wound, date of death and divers other matters were charged, including the "instigation of the devil," but were not required to be proven.

The charge of an unlawful sale of liquor is plainly made. If that is proved, the defendant is guilty. If it is not proved, he is not guilty. The additional facts charged are surplusage and ought not to have been charged. Their effect, if proven, is evidential only, and was a matter for instruction to the jury. The grand jury does not find a special verdict by adding evidential matters in a bill which sufficiently charges an offense.

The Court cannot approve of this reverter to the now obsolete practice of charging evidential matters in the bill. They are not required to be proven, and the Court would, by quashing or refusing to quash, be passing on a supposed state of facts. The

offense should be plainly and simply charged. Whether a given state of facts falls within the offense should be presented by a special verdict finding such state of facts, or by an instruction to the jury. That can still be done upon a trial on this bill.

Reversed.