STATE v. SIDNEY LEE ABERNATHY.

(Filed 1 December, 1965.)

1. **Indictment and Warrant § 9—**

Where a warrant properly and sufficiently charges defendant with the commission of a statutory offense and then alleges evidentiary matter descriptive of the manner and means by which the offense was committed, the evidentiary averments will be treated as surplusage and cannot warrant quashal.

2. **Indictment and Warrant § 7—**

Quashal of indictments and warrants is not favored. G.S. 15-153.

3. **Automobiles § 65—**

Evidence tending to show that defendant, in driving his automobile on a public street, struck a traffic island knocking down iron posts thereon, traveled on the left side of the street, made a left turn in the path of an approaching truck, etc., and that when an officer interviewed him some 20 minutes thereafter defendant appeared to be intoxicated, *held* sufficient to be submitted to the jury on the charge of careless and reckless driving. G.S. 20-140(a)(b).

APPEAL by defendant from *McLaughlin, J.*, 1 February 1965 Criminal Session of GUILFORD, Greensboro Division.

Criminal prosecution upon a warrant that charges defendant on 25 September 1964 with the careless and reckless driving of an automobile on a public highway in the words of G.S. 20-140(a) and (b), and then immediately thereafter the warrant contains these words: "[I]n that — he did — operate left of center, fail to reduce speed striking two traffic islands on Lee and Silver Avenue, and had been drinking, also hit a parked motor vehicle at 800 block of Lexington Avenue, all in violation of General Statutes of North Carolina, Chapter 20, Section 140." From a conviction and sentence of imprisonment in the municipal-county court of Greensboro, criminal division, defendant appealed to the superior court, where he pleaded not guilty, and was found guilty as charged in the warrant by the jury.

From a judgment of imprisonment for six months, and that he pay a fine of $500 and the costs, defendant appeals.

*Attorney General T. W. Bruton, Assistant Attorney General Charles D. Barham, Jr., and Staff Attorney Wilson B. Partin, Jr., for the State.*

*Cahoon & Swisher for defendant appellant.*

PER CURIAM. Before pleading to the warrant defendant moved to quash it on two grounds: (1) It fails to allege a criminal offense, and (2) the warrant after charging careless and reckless driving of an automobile in violation of G.S. 20-140, then specified what defendant did, that this had the effect of limiting the charge in the warrant to these specific acts alleged in the warrant, and these specific acts do not constitute the careless and reckless driving of an automobile within the intent and meaning of G.S. 20-140.

The warrant charges the offense of careless and reckless driving of an automobile on a public highway in the words of G.S. 20-140(a) and (b), and is sufficient to charge the offense set forth in that statute. *S. v. Wallace,* 251 N.C. 378, 111 S.E. 2d 714.

*S. v. Wynne,* 151 N.C. 644, 65 S.E. 459, is in point. In that case the indictment charged defendant with unlawfully selling spiritous liquors by the small measure to Alex Weaver and Alonzo Wynne, and then alleged certain acts descriptive of the manner and means by which the offenses were committed. The trial court granted a motion to quash the indictment. The Supreme Court reversed, and the opinion states in part:

> "It was error to grant the motion to quash. The bill charges an 'unlawful sale of liquor by the small measure.' It is unnecessary to pass upon the effect of the evidential matters charged. The bill is complete without them. *Utile per inutile non vitiatur.*

A verdict of guilty, or not guilty, is only as to the offense charged — not of surplus or evidential matters alleged. Revisal, sec. 3254, forbids a bill to be quashed 'if sufficient matters appear therein to enable the court to proceed to judgment.' The use of superfluous words will be disregarded. *S. v. Guest,* 100 N.C. 410; *S. v. Arnold,* 107 N.C. 861; *S. v. Darden,* 117 N.C. 697; *S. v. Piner,* 141 N.C. 760. . . .

"The charge of an unlawful sale of liquor is plainly made. If that is proved, the defendant is guilty. If it is not proved, he is not guilty. The additional facts charged are surplusage and ought not to have been charged."

In 4 Wharton's Criminal Law and Procedure, Anderson Ed. 1957, § 1767, it is said:

"It is the general rule that mere surplusage will not vitiate an indictment or information which, without regard to the surplusage, certainly and definitely alleges matter sufficient to charge the offense sought to be charged, and that superfluous or unnecessary averments or words may ordinarily be rejected as surplusage. . . .

". . . When an indictment properly and sufficiently charges the accused with the commission of a specific offense, it is not rendered defective by additional language descriptive of the manner and means by which it was committed, such matter being at most only surplusage."

The warrant here properly and sufficiently charges defendant with the commission of the offense of the careless and reckless driving of an automobile on a public highway in violation of G.S. 20-140 (a) and (b), and the evidentiary matters alleged in the warrant descriptive of the manner of defendant's driving to the effect that he did operate left of center, strike two traffic islands, etc., is rejected as surplusage.

Quashing of indictments and warrants is not favored. G.S. 15-153. *S. v. Greer,* 238 N.C. 325, 77 S.E. 2d 917. The trial court properly denied defendant's motion to quash the warrant, and defendant's assignment of error to such ruling is overruled.

Defendant introduced no evidence. He assigns as error the denial of his motion for judgment of compulsory nonsuit made at the close of the State's evidence. The State's evidence shows these facts as stated in the record:

"On September 25, 1964, at about 9:30 p.m. the defendant drove his automobile on Lee Street in Greensboro, striking cement traffic islands at the intersections of Lee Street and Silver

Avenue and Lee Street and Tate Street, that his automobile for some distance travelled westwardly in the portion of Lee Street provided for eastbound traffic, that his car knocked down iron posts in the traffic islands, that the car was damaged and appeared to be hard to steer, that the defendant turned off Lee Street to his left on Lexington Street, in the path of an approaching truck which applied its brakes, that his car was weaving at times, that it struck a parked automobile on Lexington Avenue, that he stopped at his home on McCormick Street and went in; that later policeman Avinger talked to him at the home about twenty minutes after the defendant entered his home and that he then appeared to be intoxicated."

The State's evidence was amply sufficient to carry its case to the jury on the offense charged in the warrant, and defendant's assignment of error to the denial of his motion for judgment of nonsuit is without merit.

Defendant's assignment of error to the judgment is overruled. The judgment imposed was authorized by the specific language of G.S. 20-140.

Defendant's other assignment of error is formal.

The judgment below is

Affirmed.