STATE v. JOSEPH ROGERS.

(Filed 6 March, 1968.)

**1. Constitutional Law § 28; Indictment and Warrant § 9—**

Every defendant has the constitutional right to be informed of the accusation against him, and the warrant or indictment must set out the charge with such exactness that he can have a reasonable opportunity to prepare his defense and to avail himself of his conviction or acquittal as a bar to a subsequent prosecution for the same offense, and further, the charge must enable the court, on conviction, to pronounce sentence according to law. N. C. Constitution, Art. I, § 11.

**2. Robbery § 1—**

G.S. 14-87 does not create a new offense but merely provides a more severe punishment when firearms or other dangerous weapons are used in the commission of common law robbery.

**3. Indictment and Warrant § 9—**

Where time and place are not essential elements of the offense charged in the warrant or indictment, a defendant may obtain further information in respect thereto by motion for a bill of particulars.

**4. Robbery § 2; Indictment and Warrant § 7—**

It is not essential in an indictment charging robbery with firearms that there be an allegation as to the place where the offense occurred, it being sufficient that the county of the offense be named in order to establish the jurisdiction of the court.

**5. Indictment and Warrant § 17—**

The issue of variance between the indictment and the proof of the State is properly raised by a motion to dismiss.

**6. Robbery § 4—**

A variance between the indictment and the proof as to the ownership of property taken is not fatal in a prosecution for robbery, it being sufficient that the property described be such as is the subject of larceny, and allegations in the indictment as to the ownership will be treated as surplusage.

**7. Same—**

Evidence in this case *held* sufficient to be submitted to the jury on the question of defendant's guilt of robbery with firearms or other dangerous weapons.

**8. Robbery § 5—**

There was no error in submitting to the jury the issue of defendant's guilt of the lesser offense of common law robbery even though there was sufficient evidence to show the use of a deadly weapon, since there was testimony by the prosecuting witness that he suffered a cut on the neck from some instrument used by defendant in the commission of the robbery but that he did not see the weapon.

**9. Criminal Law § 115—**

　　Error committed by the court in submitting the question of defendant's guilt of a lesser degree of the offense charged cannot be prejudicial to defendant.

APPEAL by defendant from *Clarkson, J.*, 8 May 1967 Schedule "A" Criminal Session of MECKLENBURG.

This case is before the Court upon writ of *Certiorari.*

Defendant was charged with the offense of armed robbery under a bill of indictment as follows:

"INDICTMENT

STATE OF NORTH CAROLINA　　　　　　SUPERIOR COURT
Mecklenburg County　　　　　　May 8 Term, A. D. 1967.

THE GRAND JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Joseph Rogers, late of the County of Mecklenburg, on the 26th day of February, 1967, with force and arms, at and in the County aforesaid, unlawfully, willfully, and feloniously, having in his possession and with the use and threatened use of firearms, and other dangerous weapons, implements, and means, to wit: a razor whereby the life of Ronald W. Loftin was endangered and threatened, did then and there unlawfully, willfully, forcible, violently and feloniously take, rob, steal and carry away $415.00 in lawful money of the United States, the property of Ronald W. Loftin to wit: $415.00 of the value of more than $200.00 from the presence, person, place of business, and resident of Ronald W. Loftin, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State. . . ."

Before entering plea, defendant moved to quash the bill of indictment. The motion was denied and defendant entered a plea of not guilty.

The State's evidence in pertinent part tended to show the following:

Ronald Wayne Lofton testified that on 26 February 1967 he was employed as cashier at the Elder Supermarket located at 2608 West Boulevard. He observed defendant in the store at about 4:30 p.m. that day. After going to the back of the store, defendant came to the check-out line where Lofton operated a cash register. Lofton checked some beer out for defendant "and as soon as the register

opened, he grabbed me, and he told me to freeze. Then he told me to give him the green stuff, so I got the bills and he told me to put it in his right pocket. It was open a little bit, so I put the money in his pocket. He had something around my neck, but he put a nick on my neck right here. . . . the instrument nicked me when he first grabbed me and I was a little bit frightened. I was shaken up. He said 'You'd better get the money or I'm going to kill you.' And he then grabbed me and pressed down hard. It felt like a razor." Defendant pushed Lofton over to check the other cash register, then pushed him back to the first register and told him to bag the beer. Defendant then instructed him to walk to the car. After defendant got in the car, Lofton walked back into the store. He then called the police. When the police arrived, Lofton told them about the incident, including a description of the person who had confronted him and the car he was operating. The next day, T. N. Kiser of the City Police Department asked Lofton if he could identify Rogers, who was then sitting in Kiser's car. Lofton identified him as the person who had robbed him. Lofton did not see the instrument defendant put against his neck, but stated that after he came back into the store he looked in a mirror and saw some blood at a small cut under his left ear. In his opinion the cut could not have been made by a fingernail because defendant had not pressed that hard. About $415.00 was taken from the cash register.

The State offered other witnesses whose testimony was cumulative and corroborative.

Defendant's motion to dismiss at the conclusion of the State's evidence was overruled. Defendant offered no evidence and renewed all motions, which were overruled. The jury returned a verdict of "guilty of armed robbery as charged." Defendant's motion to set aside the verdict was overruled. Defendant appealed from judgment entered on the verdict.

*Attorney General Bruton and Assistant Attorney General Harrell for the State.*

*T. O. Stennett for defendant.*

BRANCH, J. Defendant in apt time made motion to quash the bill of indictment. He contends that this motion should have been allowed since the bill of indictment did not apprise defendant of the *place* where the crime was alleged to have occurred, so as to enable defendant to prepare his defense and protect him from a second prosecution for the same offense.

The only description in the indictment as to the place where the crime was committed is that it occurred in Mecklenburg County.

Every defendant has the constitutional right to be informed of the accusation against him and the warrant or indictment must set out the charge with such exactness that he can have a reasonable opportunity to prepare his defense, can avail himself of his conviction or acquittal as a bar to a subsequent prosecution for the same offense, and the charge must be such as to enable the court, on conviction, to pronounce sentence according to law. Article I, Sec. 11, North Carolina Constitution. *State v. Strickland,* 243 N.C. 100, 89 S.E. 2d 781.

Common law robbery is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will by violence or putting him in fear. *State v. Lawrence,* 262 N.C. 162, 136 S.E. 2d 595. G.S. 14-87, Robbery with Firearms, creates no new offense, but provides that when firearms or other dangerous weapons are used, more severe punishment may be imposed. *State v. Stewart,* 255 N.C. 571, 122 S.E. 2d 355. However, it is noted that the two crimes differ in that there must be an actual taking of property for there to be the crime of common law robbery, whereas under G.S. 14-87 the offense is complete if there is an *attempt* to take personal property by use of firearms or other dangerous weapon. *State v. Parker,* 262 N.C. 679, 138 S.E. 2d 496. Where time and place are not essential elements of the offense itself, a defendant may obtain further information in respect thereto by motion for a bill of particulars. *State v. Eason,* 242 N.C. 59, 86 S.E. 2d 774; G.S. 15-143.

The indictment alleges that defendant did in Mecklenburg County by the use or threatened use of a dangerous weapon rob one Ronald W. Lofton of personal property of value which was subject of robbery.

The time or place was not essential element of the offense in instant case. The jurisdiction of the court was established by the allegation that the crime occurred in Mecklenburg County, and after jurisdiction was established, the place of the crime became immaterial. The indictment charged the offense in a plain, intelligible and explicit manner, and contained averments sufficient to enable the court to proceed to judgment and thus bar a subsequent prosecution for the same offense. *State v. Anderson,* 259 N.C. 499, 130 S.E. 2d 857.

The instant case and *State v. Partlow,* 272 N.C. 60, 157 S.E. 2d 688, are distinguishable. In *Partlow,* defendant was charged with being an accessory before and after the fact to an armed robbery committed by named persons, without any averments in the indict-

ment as to the identity of the victim or the manner and method in which defendant counseled, incited, induced or encouraged the principals. Here, by indictment and proof defendant and victim are identified and the manner and method in which defendant was purported to have committed the crime are alleged in the indictment and evidence was offered to fit the essential allegations. The trial court correctly denied defendant's motion to quash.

Defendant further contends that the court erred in denying his motion for nonsuit at the close of the State's evidence and at the close of all the evidence, because of fatal variance between the indictment and the proof.

The indictment, in part, alleges that defendant "did then and there unlawfully, willfully, forcibly, violently and feloniously take, rob, steal and carry away $415.00 in lawful money of the United States, the property of Ronald W. Loftin, to wit: $415.00 of the value of more than $200.00 from the presence, person, place of business, and resident of Ronald W. Loftin, . . ."

All of the evidence shows that Ronald W. Lofton did not own the property taken, nor was it taken from his residence or place of business; however, all the evidence does show that the property alleged to have been taken was in the custody and care of Ronald W. Lofton and that it was of value.

Defendant's motions to dismiss the prosecution as of nonsuit properly raised the question of variance between the indictment and the proof. *State v. Law,* 227 N.C. 103, 40 S.E. 2d 699.

Defendant cites numerous cases for the proposition that a fatal variance results, *in larceny cases,* where title to property is laid in one person and proof shows it to be in another. *State v. Law, supra; State v. Weinstein,* 224 N.C. 645, 31 S.E. 2d 920; *State v. Nunley,* 224 N.C. 96, 29 S.E. 2d 17; *State v. Harris,* 195 N.C. 306, 141 S.E. 883; *State v. Bell,* 65 N.C. 313. This is a correct statement of the law as to larceny; however, it is not necessary that ownership of the property be laid in any particular person in order to allege and prove the crime of armed robbery.

"We have said in a number of cases that in an indictment for robbery the kind and value of the property taken is not material — the gist of the offense is not the taking, but a taking by force or putting in fear. *State v. Sawyer,* 224 N.C. 61, 29 S.E. 2d 34; *State v. Brown,* 113 N.C. 645, 18 S.E. 51; *State v. Burke,* 73 N.C. 83. See also *State v. Mull,* 224 N.C. 574, 31 S.E. 2d 764. However, in these cases the objection was not that there was no

description but that the description was insufficient; the indictments described the property in general terms, such as 'money.'

In our opinion an indictment for robbery must contain a description of the property sufficient, at least, to show that such property is the subject of robbery. To constitute the offense of robbery the property taken must be such as is the subject of larceny. *State v. Trexler*, 4 N.C. 188; 46 Am. Jur., Robbery, § 8, p. 142. . . ." *State v. Guffey*, 265 N.C. 331, 144 S.E. 2d 14.

In the instant case there is allegation and proof that defendant accomplished the robbery by the use or threatened use of a dangerous weapon and that the property taken was so described by allegation and proof sufficient to show it to be of value and the subject of larceny.

In the case of *State v. Wynne*, 151 N.C. 644, 65 S.E. 459, the indictment charged defendant with unlawfully selling spirituous liquor by the small measure to Alex Weaver and Alonzo Wynne, and then alleged certain acts descriptive of the manner and means by which the offenses were committed. The trial court granted a motion to quash the indictment and the Supreme Court in its opinion stated:

"It was error to grant the motion to quash. The bill charges an 'unlawful sale of liquor by the small measure.' It is unnecessary to pass upon the effect of the evidential matters charged. The bill is complete without them. *Utile per inutile non vitiatur.* A verdict of guilty, or not guilty, is only as to the offense charged — not of surplus or evidential matters alleged. Revisal, sec. 3254, forbids a bill to be quashed 'if sufficient matters appear therein to enable the court to proceed to judgment. The use of superfluous words will be disregarded. . . .

"The charge of an unlawful sale of liquor is plainly made. If that is proved, the defendant is guilty. If it is not proved, he is not guilty. The additional facts charged are surplusage and ought not to have been charged. Their effect, if proven, is evidential only, and was a matter for instruction to the jury. . . ."

See also *State v. Abernathy*, 265 N.C. 724, 145 S.E. 2d 2.

Admittedly, there is variance between the allegations and the proof offered, but the variance is not material. The indictment charged the essential elements of the crime of armed robbery. Proof was offered to support the material allegations. The additional allegations as to ownership of the property were surplusage and must be disregarded.

The trial court correctly denied motions for nonsuit.

Defendant assigns as error the action of the court in submitting to the jury an included lesser crime on the ground there was no evidence establishing commission of the lesser crime.

In support of this contention defendant cites *State v. Bell*, 228 N.C. 659, 46 S.E. 2d 834, where defendant excepted to failure of the court to charge the jury that they might acquit the defendants of the crime of robbery with firearms as charged in the indictment under consideration, and convict them of a crime of less degree. Holding that the court did not err in failing to so instruct the jury, this Court stated:

"It is true that in a prosecution for robbery with firearms, an accused may be acquitted of the major charge and convicted of an included or lesser offense, such as common law robbery, or assault, or larceny from the person, or simple larceny, if a verdict for the included or lesser offense is supported by allegations of the indictment and by evidence on the trial. 42 C.J.S., Indictments and Information, sections 275, 283, 293; *S. v. Jones, supra; S. v. Moore*, 211 N.C. 748, 191 S.E. 840; *S. v. Holt*, 192 N.C. 490, 135 S.E. 324; *S. v. Cody*, 60 N.C. 197. If the jury believed the testimony in the case under review, however, it was its duty to convict the defendants of robbery with firearms because all of the evidence tended to show that such offense was committed upon the prosecuting witness, Ernest Fox, as alleged in the indictment. There was no testimony tending to establish the commission of an included or lesser crime. . . ."

In instant case there was sufficient evidence for the jury to find that a deadly weapon was used in the perpetration of the robbery; however, since the witness did not actually see the weapon and defendant, by his cross-examination, strongly advanced the theory that no deadly weapon was used, enough doubt was created as to the use of a deadly weapon to warrant submission of the lesser offense to the jury. Instant case is readily distinguishable from the *Bell* case, since in *Bell* all the evidence showed the use of a dangerous weapon in the commission of the robbery.

Further, in the case of *State v. Chase*, 231 N.C. 589, 58 S.E. 2d 364, defendant was charged with armed robbery and kidnapping. The jury found the defendant not guilty of kidnapping and armed robbery, but returned a verdict of guilty of common law robbery. The defendant contended that the court erred in submitting the lesser charge of common law robbery. Holding that there was no error in submitting the lesser charge, this Court stated:

"We concede that upon the evidence adduced in the trial below it would have been proper to have limited the jury to one of two verdicts: Guilty of robbery with firearms or not guilty. *S. v. Bell,* 228 N.C. 659, 46 S.E. 2d 834; *S. v. Sawyer,* 224 N.C. 61, 29 S.E. 2d 34; *S. v. Manning,* 221 N.C. 70, 18 S.E. 2d 821; *S. v. Cox,* 201 N.C. 357, 160 S.E. 358. But his Honor elected to instruct the jury that if the State had failed to satisfy it beyond a reasonable doubt that the defendant was guilty of 'armed robbery,' it might return a verdict of guilty of common law robbery. Conceding this to be error, we have consistently held that such error is not harmful to the defendant. Brown, J., in speaking for the Court in *S. v. Quick,* 150 N.C. 820, 64 S.E. 163, said: 'Suppose the court erroneously submitted to the jury a view of the case not supported by evidence, whereby the jury were permitted, if they saw fit, to convict of manslaughter instead of murder, what right has the defendant to complain? It is an error prejudicial to the State, and not to him.' To like effect is *S. v. Matthews,* 142 N.C. 621; 55 S.E. 342. 'An error on the side of mercy is not reversible,' *S. v. Fowler,* 151 N.C. 731, 66 S.E. 567. . . ."

The trial judge did not commit error in charging on the lesser included offense.

The entire charge, when read contextually, presents the law fairly and clearly to the jury, and we find no prejudicial error resulting to defendant.

We find no prejudicial error in the trial below.

No error.