STATE OF NORTH CAROLINA v. MICHAEL WAYNE GREEN
No. 68SC156

(Filed 14 August 1968)

**1. Robbery § 2; Indictment and Warrant § 7— robbery with firearms — indictment — allegation of location**

It is not essential to an indictment charging robbery with firearms that there be an allegation as to the exact location where the offense occurred, it being sufficient that the county of the offense be named in order to establish the jurisdiction of the court.

**2. Indictment and Warrant §§ 9, 13— failure to allege exact location of offense — bill of particulars**

Where an indictment for armed robbery does not allege the exact location within the county where the offense occurred, defendant may obtain further information in respect thereto by a motion for a bill of particulars.

**3. Robbery § 4— robbery with firearms — sufficiency of evidence**

In a prosecution for robbery with firearms, evidence that when the prosecuting witness first saw defendant he was standing at a store counter with a gun in his hand, and that defendant placed the gun on the counter and demanded that the prosecuting witness give him money, which she did, *is held* sufficient to show "the use or threatened use" of a firearm whereby the life of the prosecuting witness was endangered and threatened.

**4. Robbery § 3; Criminal Law § 36.1— evidence of alibi**

In a prosecution for robbery with firearms, the exclusion of documents offered by defendant on the question of alibi which show defendant's conviction four years previously and his commitment to prison for a minimum of eight years is not prejudicial error, particularly where the State offered evidence that at the time of the robbery defendant was a prison escapee, defendant's previous judgment and conviction being too remote to have any probative value on the defense of alibi.

**5. Criminal Law § 161— abandonment of exceptions**

Exceptions not properly set out in the record will be deemed abandoned and will not be considered on appeal. Court of Appeals Rules Nos. 19(c) and 21.

**6. Robbery § 5— instructions — submission of lesser degrees of the crime**

Where the evidence in an armed robbery prosecution shows that money was taken from the prosecuting witness by the use of a gun, the court is not required to submit the question of defendant's guilt of the lesser offense of common law robbery.

APPEAL by defendant from *Ervin, J.,* 29 January 1968 Schedule "A" Criminal Session of MECKLENBURG Superior Court.

Defendant was indicted for armed robbery in a bill of indictment

which charged him with having taken $177.00 from the person and place of business of one Mollie Brown and Li'l General Stores Incorporated in Mecklenburg County, N. C. In apt time, before entering plea, defendant's counsel moved to quash the bill of indictment, but declined to give any reason or argument in support of his motion. The motion was overruled, whereupon defendant entered a plea of not guilty.

The State offered the evidence of Mrs. Mollie Brown, an employee of Li'l General Stores, who testified that on 4 June 1967 she was employed as assistant manager at the store located at 4100 The Plaza, Charlotte, North Carolina. She came to work on that date at 3:00 p.m. and first saw defendant at the store about 9:45 p.m. He was at the counter and had a gun in his hand. He placed a few items from the drug department on the counter and put the gun down beside them. He said, "I want the money, all of it." At the time there was a small boy and a lady customer in the back of the store. Mollie Brown got the money out of the cash drawer, except for some change, and put it in a paper bag. At this time the little boy had left, but the lady customer started toward the front of the store. Defendant told Mollie Brown to wait on her. When the customer got up to the counter, Mollie Brown waited on her and the customer went out. Defendant then told Mollie Brown to get the rest of the money, pointing toward the safe, and she got it and put it in the paper bag. Defendant then said: "Don't call anybody for at least five minutes. I don't want to come back and hurt anybody." As defendant left he said, "I'll see you." When Mollie Brown waited upon the lady customer, who was Mrs. Bernice Freeman, Mrs. Freeman gave her $3.00 and she gave Mrs. Freeman some change. The money Mrs. Freeman gave Mollie Brown was put in the cash drawer but the defendant said he wanted that also, so Mollie Brown placed it in the bag. Mollie Brown also testified: "I gave him the money because he had a gun, and I thought I had to." The defendant was in the store for a total of about ten minutes. On cross-examination Mollie Brown testified that she could not be mistaken and that it was the defendant, Green, who perpetrated the robbery.

Mrs. Bernice Freeman, the customer in the store who came up to the counter and saw the defendant, Green, testified that she had some conversation with the defendant at the time and she identified him in the courtroom as being the person who was present and with whom she had the conversation. A Charlotte Police Officer also testified in corroboration of Mollie Brown and Mrs. Freeman.

The jury returned a verdict of guilty of armed robbery as charged, and from a sentence pronounced thereon the defendant appeals.

*T. W. Bruton, Attorney General, and Ralph Moody, Deputy Attorney General, for the State.*

*T. O. Stennett for defendant appellant.*

PARKER, J.

[1]   Defendant contends the indictment was defective because it does not allege the exact location where the robbery took place, other than as being in Mecklenburg County. The bill of indictment in the present case is almost identical in form with the bill of indictment which was set forth in full in the opinion and was approved by the North Carolina Supreme Court in the recent case of *State v. Rogers,* 273 N.C. 208, 159 S.E. 2d 525. What was said by the Court in that case is pertinent here:

"The time or place was not essential element of the offense in instant case. The jurisdiction of the court was established by the allegation that the crime occurred in Mecklenburg County, and after jurisdiction was established, the place of the crime became immaterial. The indictment charged the offense in a plain, intelligible and explicit manner, and contained averments sufficient to enable the court to proceed to judgment and thus bar a subsequent prosecution for the same offense."

[2]   Defendant contends *State v. Rogers, supra,* is not controlling here since in *Rogers* the victim of the robbery operated only one place of business, whereas in the instant case the Li'l General Stores operated some 32 separate places of business in Charlotte. Defendant further points out that at the time of trial he was under indictment on three other bills of indictment, each of which charged him with having committed the offense of armed robbery of other named individuals and Li'l General Stores, Inc. But if the defendant, because of the multiplicity of Li'l General Stores in the Charlotte area and of his alleged proclivity for committing armed robberies therein, needed more specific information as to exactly which store he was being charged with having robbed in this particular case, his remedy was by a motion for a bill of particulars. G.S. 15-143. Not only did defendant fail to resort to this readily available remedy, but he even refused at the time of making his motion to quash the indictment to disclose to the court his reasons therefor. There was no error in overruling the motion to quash the indictment.

[3]   Defendant's next assignments of error, directed to the overruling of his motion for nonsuit made at the close of the State's evidence and overruling his motion in arrest of judgment made following entry of the judgment against him, raise the same questions of

law. Defendant contends that under the State's evidence there was in this case no use or threatened use of any firearm, and that the victim was never put in fear. There is no merit in this contention. When the State's witness, Mollie Brown, first saw defendant he was standing at the counter with a gun in his hand. He placed the gun on the counter in front of him and demanded that she give him money. This was clearly "the use or threatened use" of a firearm whereby the life of Mollie Brown was endangered or threatened, the offense charged in the indictment and a violation of G.S. 14-87. Exhibition of a pistol while demanding money conveys the message loud and clear that the victim's life is being threatened. There was no variance between the allegations in the bill of indictment and the State's evidence and no error in overruling defendant's motions of nonsuit and in arrest of judgment.

[4] Defendant did not take the witness stand himself, but did attempt to introduce into evidence the record of a judgment dated February 1964, sentencing him to prison for a minimum of eight years upon his plea of guilty to armed robbery. Defendant also offered in evidence the commitment dated February 1964, committing him to prison on this judgment. Defendant contends that the trial court's exclusion of these proffered exhibits was error, in that these documents had some probative value as tending to prove an alibi. The judgment and conviction of 1964, however, were too remote to have any real probative value on the defense of an alibi, and there was no prejudicial error in the trial court's refusal to allow them in evidence. In addition, the record discloses that at the time the court excluded these documents from evidence the State offered the testimony of a detective of the Charlotte Police Department who testified, for the record, that as of 4 June 1967, the date on which the robbery occurred, defendant was an escapee from the North Caroline Department of Correction. If the court had allowed defendant's proffered documents into evidence, this evidence of the State would have become relevant and competent. The burden was on the State to prove the defendant was present and committed the crime with which he was charged. The State carried this burden by the testimony of two eyewitnesses who positively identified the defendant as the person in the store who committed the crime on the date in question.

[5, 6] Defendant's final assignment of error is directed to the court's failure to charge the jury as to the included lesser offense of common law robbery. There is no exception in the record upon which to base this assignment of error. Exceptions not properly set out in the record will be deemed to be abandoned and will not be con-

sidered by this Court on appeal. Rules 19(c) and 21 of *Rules of Practice in the Court of Appeals.* In any event, in the present case there was no evidence of the commission of any lesser offense, and the trial court properly limited the jury to two possible verdicts: Guilty of armed robbery as charged, or not guilty. The jury found defendant guilty as charged, and there was ample evidence to support the verdict.

In the entire trial there was

No error.

MALLARD, C.J., and BROCK, J., concur.