STATE OF NORTH CAROLINA v. LEROY HARRIS

No. 7010SC405

(Filed 15 July 1970)

**1. Robbery § 1— armed robbery — gist of offense**
   The gist of the offense of robbery with firearms or other dangerous weapons is not the taking of personal property, but a taking or attempted taking by force or putting in fear by the use of firearms or other dangerous weapon.

**2. Robbery § 4— exhibition of firearm — threat to victim's life**
   Exhibition of a pistol or shotgun while demanding money conveys the message loud and clear that the victim's life is being threatened.

**3. Robbery § 1— robbery of two different persons in store — separate offenses**
   Armed robbery of grocery store manager followed by armed robbery

of a checker at a cash register in the store would constitute two separate offenses although they occurred in the same building, and the person involved could be indicted and tried for each offense separately.

**4. Indictment and Warrant § 17; Robbery § 4— indictment naming store manager as robbery victim — evidence that cashier was also robbed — variance**

There was no fatal variance between allegations in an indictment charging defendant with the armed robbery of a grocery store manager and evidence of the State that defendant not only took money from the presence of the store manager but subsequently took money from the person and presence of a checker at a cash register in the store, the indictment being sufficient to enable the court to proceed to judgment and to bar a subsequent prosecution for the armed robbery of the store manager.

**5. Criminal Law § 118; Robbery § 5— failure to state contention of defendant — absence of request**

In this armed robbery prosecution, the trial court did not err in failing to mention in the charge defendant's contention that only three persons were involved in the robbery and that it had been shown that three persons had already been convicted of the crime absent a timely request by defendant for such instruction.

APPEAL by defendant from *Bailey, J.,* 16 March 1970 Session, WAKE Superior Court.

Defendant was charged in a bill of indictment with armed robbery in violation of G.S. 14-87.

Evidence for the State tended to show the following:

David Navahlee Devaughn, manager of the A & P Store on Newcombe Road in Raleigh, on Saturday, 15 February 1969, between 8:30 and 9:00 a.m., was taking trash out the back door of the store when he saw an automobile, with what appeared to him to be four colored males inside, pull in the store lot and head toward a filling station on the same lot. He then went back inside and when he returned with more trash the car had stopped, backed up toward the store, and then headed back approximately half way up the side of the building. He then went inside again and got more trash, and when he returned one of the men came around one side of the trash disposal carrying a shotgun and one of the men came around the other side of the trash disposal carrying a pistol. They both had on ski masks and the only part of their faces he could see was their eyes. He was told this was a stickup. The man with the pistol then ushered Devaughn to his office where Devaughn unlocked the safe and put all the currency, approximately $800, in a paper bag. The man with the pistol took the bag of money, left the office and went

toward the cash registers, one of which was being operated by Roland Dutton. No State's witness testified that he saw money taken from the cash register. By this time, the car in which the men had been riding had pulled up and parked in front of the store. The man with the pistol and the man with the shotgun got into the car with the other two men.

The State then offered the testimony of Warren Reginald Dunston tending to show that he was one of the four men involved in the robbery. He then went on to name the defendant Leroy Harris as the man who entered the store carrying the shotgun. He further testified that he and the two other men involved had been convicted and sentenced for their part in the robbery.

G. C. Jones, manager of Plaza Dry Cleaners, located adjacent to the A & P Store in question, testified as a witness for the State, that he was in the A & P Store when he saw Devaughn enter his office followed by a man wearing a ski mask and carrying a pistol. Jones paid for his purchases, left the store and went to his place of business where he attempted to call the police, but before the call could be completed a man wearing a ski mask and carrying a shotgun entered and ushered him back to the A & P Store. Upon returning to the store, he saw another man wearing a ski mask and carrying a shotgun, other than the one who had accosted him in his place of business. He then testified that he was in the A & P Store when the robbers left and that of the people engaged in the robbery, he saw three leave as far as he knew.

At the close of the State's evidence, defendant moved for judgment as of nonsuit and to dismiss on the grounds of variation between the proof and the bill of indictment, each of which was denied. Defendant offered no evidence and renewed his motion for dismissal as of nonsuit, which motion was denied.

The jury, after deliberation, returned a verdict of guilty of armed robbery as charged in the bill of indictment. Defendant appeals:

*Attorney General Morgan, by Staff Attorney Murray, for the State.*

*Peyton B. Abbott for appellant.*

BROCK, J.

[4]    Appellant contends there was a fatal variance between the allegations in the bill of indictment and the proof offered by the State

in that there was evidence offered by the State to the effect that the robbers also took money from the person and presence of one Roland Dutton, a checker at a cash register in the A & P Store, and that therefore even though defendant may have been acquitted in this trial he could have been indicted and tried for the armed robbery of Roland Dutton.

The bill of indictment charged as. follows:

"THE GRAND JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Leroy Harris late of the County of Wake on the 15th day of February, 1969, with force and arms, at and in the County aforesaid, unlawfully, wilfully, and feloniously, having in his possession and with the use and threatened use of firearms, and other dangerous weapons, implements, and means, to wit: a shotgun whereby the life of David Navahlee Devaughn was endangered and threatened, did then and there unlawfully, wilfully, forcibly, violently and feloniously take, steal, and carry away U. S. money of the value of $800.00 from the presence, person, place of business, and residence of David Navahlee Devaughn contrary to the form of the statute in such case made and provided and against the peace and dignity of the State."

The bill of indictment charges that the appellant, with the use and threatened use of a shotgun, endangered and threatened the life of one David Navahlee and that appellant feloniously stole and carried away from David Navahlee Devaughn's presence $800.00 in U. S. currency. The essential elements of the offense of robbery with firearms (G.S. 14-87) are alleged in the bill of indictment and the evidence offered by the State supports the charges in the bill of indictment.

[1, 2]   In an indictment for robbery with firearms or other dangerous weapons (G.S. 14-87), the gist of the offense is not the taking of personal property, but a taking or attempted taking by force. or putting in fear by the use of firearms or other dangerous weapon. *State v. Rogers,* 273 N.C. 208, 159 S.E. 2d 525. And exhibition of a pistol (or shotgun) while demanding money conveys the message loud and clear that the victim's life is being threatened. *State v. Green,* 2 N.C. App. 170, 162 S.E. 2d 641.

[3]   The armed robbery of David Navahlee Devaughn and the armed robbery of Roland Dutton, if such did occur, would constitute two separate offenses although they may have occurred in the same building; and the person involved could be indicted and tried for each offense separately.

"The purpose of the rule as to variance is to avoid surprise and to protect the accused from another prosecution for the same offense. . . ." 42 C.J.S., Indictments and Information, Sec. 254. And "[e]very defendant has the constitutional right to be informed of the accusation against him and the warrant or indictment must set out the charge with such exactness that he can have a reasonable opportunity to prepare his defense, can avail himself of his conviction or acquittal as a bar to a subsequent prosecution for the same offense, and the charge must be such as to enable the court, on conviction, to pronounce sentence according to law." *State v. Rogers, supra.*

[4] The indictment charged the offense in a plain, intelligible and explicit manner, and contained averments sufficient to enable the court to proceed to judgment, and to bar a subsequent prosecution for the armed robbery of David Navahlee Devaughn. This assignment of error is overruled.

[5] Appellant next assigns as error the failure of the court to mention in its charge to the jury appellant's contention that only three persons were involved in the robbery and that it had been shown already that one person had pleaded guilty and two others had been convicted. This contention overlooks the clear inference from the evidence that three were in the store and a fourth was driving the getaway car.

Nevertheless, it is well settled that a judge is not required by law to state the contentions of the litigants. Likewise, the court is not required to give all the contentions of the parties, but only to give them as fairly to one side as for the other and if a party desires a fuller statement of his contentions he must aptly tender a request therefor. 3 Strong, N. C. Index 2d, Criminal Law, Sec. 118.

If appellant had desired to have a fuller statement of his contentions presented in the charge of the court, the proper remedy was to call the court's attention to this omission by a timely request therefor.

Appellant concedes that his assignment of error No. 2 is without merit in that there was sufficient evidence to take the case to the jury. Likewise we find that the court did not abuse its discretion by its failure to grant appellant's motion to set aside the verdict as contrary to the evidence. This being the subject of appellant's assignment of error No. 3, it is overruled. Appellant's assignment of error No. 4 is based on the court's denial of defendant's motion that the verdict be set aside for error committed during the course of the

trial. Finding no error in the trial prejudicial to the defendant, this assignment of error is overruled.

No error.

BRITT and HEDRICK, JJ., concur.