THE STATE OF NORTH CAROLINA v. WILLIE McGILVERY
No. 7028SC305

(Filed 15 July 1970)

1. **Robbery § 2— armed robbery — ownership of property taken**

    Ownership of the property taken need not be laid in any particular person to allege and prove the crime of armed robbery.

2. **Robbery § 4— ownership of property taken — variance between indictment and proof**

    In this armed robbery prosecution, there was no fatal variance between an indictment which charged that property was taken from the "residence" or "place of business" of a named person and evidence that the armed robbery occurred at a finance company where the person named in the indictment was employed, the property having been in the lawful custody of such person.

3. **Criminal Law § 112— charge that defendant relied on alibi — prejudice to defendant**

    In this armed robbery prosecution, defendant was not prejudiced by the trial court's charge that defendant relied on the defense of alibi and that he had presented evidence raising the defense of alibi.

ON *certiorari* to review judgment of *Froneberger, J.,* 22 April 1969 Criminal Session of the BUNCOMBE County General Court of Justice, Superior Court Division.

The defendant was charged in a proper bill of indictment with the armed robbery of Bobby Ramsey at the Dial Finance Company, Asheville, North Carolina, on 11 March 1969. He was charged with taking one $20.00 bill, one $10.00 bill, one driver's license, and one K-Mart Department Store Credit Card from Ramsey by the use of a .38 caliber pistol.

McGilvery was tried and was found guilty by the jury of armed robbery. From an active sentence of 10 to 15 years in prison, a notice of appeal was entered. The appeal was subsequently dismissed for failure to prosecute it. Thereafter, in November 1969 the defendant filed a petition for a writ of mandamus and Judge Snepp ordered that another attorney be appointed for the defendant so that a petition for *certiorari* could be sought from this court and an appellate review procured. This was done and this Court entered an order granting the writ of *certiorari* on 12 March 1970.

The record reveals, in substance, the following events which gave rise to the charges in the instant case: Bobby Ramsey was working at the Dial Finance Company on Haywood Street in Asheville on 11 March 1969 when he looked up at about 8:15 a.m. and observed the defendant, McGilvery, and another person standing at the counter of the finance company pointing guns at him. McGilvery said, "On your feet," and asked where the money was. The other man, Evans, went through the cash drawer and took $30.00 which had just been placed there after a woman had made a payment moments before. Ramsey told McGilvery that that was all the money there was except for the money in the safe. McGilvery told him to get down on his knees and open the safe. Ramsey stated that the manager was the only one who could open the safe, and he had not come in yet. McGilvery said, "Okay, on your feet." Ramsey was ordered to the back of the building to a storage room and told to lie down on his stomach. McGilvery said, "I still ought to kill you . . . because I did not get the money." Ramsey informed him that the manager would be in at 8:30, five minutes from that time, and that he could get the rest of the money then. McGilvery said he would wait. Ramsey waited in a prone position 15

minutes until he heard a secretary talking. He then went out front so that the manager could untie him and call police.

Ramsey's billfold was taken from him. This had a K-Mart credit card, a B. F. Goodrich credit card, a Social Security card, a North Carolina driver's license and about $2.50 in cash in it. Ramsey identified the two, McGilvery and Evans, and the above-mentioned articles when he was taken to Virginia to view the two.

Officer Elliott, a deputy sheriff of Pittsylvania County, Virginia, testified that on 11 March 1969 he observed a 1969 Pontiac automobile pass him at a high rate of speed. After a high speed chase, he succeeded in stopping the car. Deputy Gatewood came up at this time, and they observed Willie McGilvery and five others in the car. McGilvery was arrested for reckless driving. Officer Elliott testified that during the chase, several objects had been thrown out of the car by the driver, McGilvery. Several of these objects hit Elliott's windshield. When Elliott went back to the area after carrying McGilvery to the police station, he found the cards which were subsequently identified by Ramsey as his. He also found a .38 caliber pistol along the road where the chase had taken place. The officer did admit that several minutes and a good deal of traffic had passed before he could return to the area to begin his search for the materials he had seen McGilvery throw out of his car.

An employee at the Howard Johnson Motor Lodge in Asheville identified McGilvery and Evans as having stayed there on 9 March 1969. The defendant did not offer any evidence.

The defendant brings forward the following questions for this court to review: (1) error of the trial judge in refusing to grant judgment as of nonsuit; (2) error in the charge as to (a) misstatement of G.S. 14-87, (b) the defendant's contention of alibi; and (c) the reference to the lack of evidence offered by the defendant.

*Attorney General Robert Morgan by Assistant Attorney General Bernard A. Harrell for the State.*

*S. Thomas Walton for defendant appellant.*

CAMPBELL, J.

[1, 2]   Defendant contends that a judgment of nonsuit should have been entered because there was a fatal variance between indictment and proof in that the indictment charged that the property taken was taken from the "residence" or "place of business" of Ramsey, and the evidence showed that the armed robbery, if it occurred as shown, took place at the Dial Finance Company. It is true that the $30.00 was taken from the Dial Finance Company. This assignment of error is inconsequential, however, in that it is settled law in North Carolina that ownership of the property taken need not be laid in any particular person to allege and prove the crime of armed robbery. *State v. Rogers*, 273 N.C. 208, 159 S.E. 2d 525 (1968). The point is that the identified property was in the lawful custody of Ramsey and it was taken from him with the threatened use of firearms.

[3]   The defendant also contends that the judge should not have charged that the defendant relied on the defense of alibi, or that he had presented evidence raising the defense of alibi. We cannot see, nor has defendant satisfactorily explained to us, how this was prejudicial to him. This assignment of error is without merit.

We have reviewed the other contentions of the defendant and find them similarly without merit. The defendant received a fair trial free of prejudicial error.

No error.

BRITT and VAUGHN, JJ., concur.