An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1152

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

STATE OF NORTH CAROLINA

    v.

JOVAN DAVID WASH

Rowan County
Nos. 06 CRS 57896-97,
      07 CRS 51270

Appeal by defendant from judgments entered 4 April 2013 by Judge W. Erwin Spainhour in Rowan County Superior Court. Heard in the Court of Appeals 7 April 2014.

    *Attorney General Roy Cooper, by Assistant Attorney General Robert D. Croom, for the State.*

    *Leslie C. Rawls for defendant-appellant.*

ELMORE, Judge.

Jovan David Wash (defendant) appeals from judgments entered upon jury verdicts finding him guilty of three counts of robbery with a firearm. The trial court sentenced defendant to three consecutive terms of 102 to 132 months imprisonment. Defendant gave oral notice of appeal in open court.

Defendant's sole argument on appeal is that the trial court erred in denying his motion to dismiss the robbery with a firearm charge in file number 06 CRS 57897. Defendant contends the State failed to establish all of the elements of robbery with a firearm in that charge, because the State only presented evidence that he possessed a firearm during the robbery and never threatened or endangered the lives of the victims. We disagree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court

must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995). "The elements of robbery with a [firearm or other] dangerous weapon are: (1) the unlawful taking or an attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened." *State v. Hill*, 365 N.C. 273, 275, 715 S.E.2d 841, 843 (2011) (citation and quotation marks omitted).

At trial, the State presented testimony from Ms. Sloop regarding the robbery charged in file number 06 CRS 57897. Ms. Sloop testified that on 3 October 2006, she was working at the Eckerd's store located on East Innes Street in Salisbury, North Carolina. Ms. Sloop stated that a man, later identified as defendant, came into the store shortly before it closed wearing a black ski mask and holding a handgun. Defendant asked her if anyone else was in the store and directed her to go towards the office. Defendant followed Ms. Sloop to the office, where he

demanded that the manager give him the store's money. Defendant made Ms. Sloop stand in a corner where she could not see him while the manager gathered the cash. After taking the money, defendant instructed Ms. Sloop and her manager to start counting and not to phone the police. Defendant then fled from the store. At trial, the State played a surveillance video of the robbery to the jury to illustrate Ms. Sloop's testimony.

Contrary to defendant's argument, the State's evidence established more than mere possession of the handgun by defendant during the robbery. While it is unclear if defendant ever actually pointed his handgun directly at either Ms. Sloop or the manager, Ms. Sloop's testimony established that defendant brandished the handgun throughout the robbery, threatening her life and the manager's. *See State v. Green*, 2 N.C. App. 170, 173, 162 S.E.2d 641, 643 (1968) ("Exhibition of a pistol while demanding money conveys the message loud and clear that the victim's life is being threatened."). Accordingly, we hold the State presented substantial evidence that defendant threatened the lives of Ms. Sloop and the manager with a firearm during the robbery, and thus the trial court did not err in denying defendant's motion to dismiss.

No error.

Judges McGEE and DAVIS concur.

Report per Rule 30(e).