STATE OF NORTH CAROLINA )
)
)
v. ) ORDER
)
)
LARRY CLINTON LIPFIRD )

No. 108PC

(Filed 4 March 1981)

THIS cause is before us upon defendant's petition for a writ of certiorari to review the decision of the Court of Appeals reported in 48 N.C. App. 649, 269 S.E. 2d 723 (1980).

The petition for a writ of certiorari is allowed for the limited purpose of entering this order in the cause:

Our review of the record and the Court of Appeals opinion reveals that that court found no error in the following instruction given to the jury after it had begun its deliberations and had returned to the courtroom indicating that it was unable to reach a verdict:

All right, now, Members of the Jury, anything further? *I presume that you members of the jury realize what a disagreement means. It means, of course, that it will be more time of the Court that will have to be consumed in the trial of this action again.* I don't want to force you or coerce you in any way to reach a verdict, but it is your duty to try to reconcile your differences and reach a verdict if it can be done without the surrender of one's conscientious convictions.

You've heard the evidence in the case. *A mistrial, of course, will mean that more time and another jury will have to be selected to hear the cases and this evidence again.*

I realize the fact that there are sometimes reasons why jurors cannot agree. I want to emphasize the fact to you that it is your duty to do whatever you can to reason the matter over together as reasonable men and women and to reconcile your differences if such is possible without surrendering your conscientious convictions and to reach a verdict. I'm going to let you resume your deliberations and see if you can. (Emphasis supplied.)

This Court held in *State v. Easterling*, 300 N.C. 594, 268 S.E.2d 800 (1980) that it was error, in violation of G.S. § 15A-1235 (which prescribes the instructions a judge may give when a jury deadlocks), to instruct a deadlocked jury that its inability to agree will result in the inconvenience of having to retry the case. Our decision in *Easterling* that an instruction in violation of G.S. § 15A-1235 did not mandate a new trial in that case was due to the fact that while the instruction was given after the jury had begun its deliberations, it was given before the jury had returned announcing any deadlock.

In *Easterling*, this Court said:

"We caution the trial bench, however, that our holding today is not to be taken as disapproval of the contrary result reached in *State v. Lamb, supra,* [44 N.C. App. 251 (1980)] a case in which initial jury disagreement preceded the offending instruction. Clear violations of the procedural safeguards contained in G.S. 15A-1235 cannot be lightly tolerated by the appellate division. Indeed, it should be the rule rather than the exception that a disregard of the guidelines established in that statute will require a finding on appeal of prejudicial error." *Id.* at 609, 268 S.E.2d at 809-10.

We note that this case was tried in August 1979 and that the decision of the Court of Appeals was filed on 16 September 1980. The Advance Sheets containing the Easterling opinion were published on 10 October 1980.

The decision of the Court of Appeals being contrary to *State v. Easterling, supra,* said decision is reversed and the Court of Appeals is ordered to remand this cause to the Superior Court, Catawba County, for a new trial.

This order will be printed in the official reports of decisions of this Court.

Done by the Court in Conference, this 4 March 1981.

MEYER, J.
For the Court