STATE OF NORTH CAROLINA v. ROOSEVELT MACK

No. 8126SC102

(Filed 7 July 1981)

**Criminal Law § 122.2— deadlocked jury—additional instructions improper**

Defendant is entitled to a new trial where the jury appeared in court and announced that it was deadlocked; the trial judge indicated that he was placing no pressure on the jurors to change their minds or reach a verdict and then proceeded to advise the jury that at some future time twelve more jurors would have to decide the case at additional cost to the taxpayers of the county and the State; the jury retired and returned a verdict within an hour; and it was reasonable to assume that, had the judge not so instructed the jury, the minds of the jurors would have remained the same. G.S. 15A-1235.

APPEAL by defendant from *Owens, Judge.* Judgment entered 28 August 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 27 May 1981.

Defendant was charged with operating a motor vehicle in violation of G.S. 20-138(b). Defendant pled guilty and was convicted of the charge in district court. On appeal to the superior court, defendant was again convicted. Defendant appeals his conviction in superior court, contending the trial judge erred in failing to grant defendant's motion for mistrial and in his instructions to the jury.

*Attorney General Edmisten, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Assistant Public Defender Cherie Cox for defendant appellant.*

HILL, Judge.

Defendant brings forth four assignments of error on appeal. We have considered each and find the fourth assignment to be dispositive.

After having begun their deliberations, the jury returned to the courtroom and informed the court that it had not reached a verdict. Thereupon, the court said:

[N]ow ladies and gentlemen, the Court, as I have previously instructed you, is certainly not putting any pressure on you

to change your minds, or to reach a verdict in this case. I would remind you, however, that if you do not decide this case, that twelve more jurors will have to decide it at some future date at additional expense to the taxpayers of this county and the State.

Defendant contends these additional instructions were coercive under G.S. 15A-1235. This Court has addressed limitations imposed by this statute on the trial judge in his charge to deadlocked juries in *State v. Lamb*, 44 N.C. App. 251, 261 S.E. 2d 130 (1979), *cert. denied*, 299 N.C. 739 (1980). In that case, it was pointed out that G.S. 15A-1235 now excludes any mention to the jury of the potential expense and inconvenience of retrying the case should the jury fail to agree. *See State v. Easterling*, 300 N.C. 594, 268 S.E. 2d 800 (1980); *State v. Hunter*, 48 N.C. App. 689, 269 S.E. 2d 736 (1980).

Without question, the charge by the court is impermissible under the statute and *Lamb, supra.* Nevertheless, in construing *Lamb,* Justice Exum, speaking for the Court, said:

Not every violation of the procedures embodied in Chapter 15A amounts to prejudicial error.

. . . .

[W]e see no reason to dispense with the usual requirement that an error in the judge's instructions to the jury must be to the prejudice of the defendant in order to warrant corrective relief by the appellate division. G.S. 15A-1442(4)(d).

*Easterling,* at p. 608.

There can be no fixed rule in determining when the mention of potential additional expense and inconvenience is prejudicial. "Such prejudice will normally be deemed present, in cases relating to rights arising other than under the Federal Constitution *only* 'when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial . . . .." G.S. 15A-1443(a). Furthermore, the burden of showing that such a possibility exists rests upon the defendant." *Id.*

Generally speaking, our courts have addressed the question of prejudicial error in the judge's charge when potential addi-

tional expense and inconvenience in a new trial are involved within three categories:

(1) Such mention of inconvenience and expense in the initial charge to the jury is harmless. *State v. Alston*, 294 N.C. 577, 243 S.E. 2d 354 (1978). At this point, the decision making process by the jury is yet to begin.

(2) Where the jury has begun deliberation but no evidence of deadlock is before the trial judge, the mention of inconvenience and additional potential expense as a part of additional further instructions, which instructions also demonstrate the trial judge does not intend that any juror surrender his conscientious conviction or judgment and contains no such element of coercion as to warrant a new trial, is harmless error. *State v. Easterling*, supra; *State v. Williams*, 288 N.C. 680, 220 S.E. 2d 558 (1975); *State v. Darden*, 48 N.C. App. 128, 268 S.E. 2d 225 (1980).

(3) But where the jury is deadlocked, and this fact is known to the trial judge, the mention of inconvenience and additional expense may well be prejudicial and harmful to the defendant, and must be scrutinized with extraordinary care. *See State v. Lipfird*, 302 N.C. 391, 276 S.E. 2d 161 (1981), as evidence of the trend of additional protection offered by the Supreme Court to a defendant. At this point the minds of jurors are fixed, and have been fixed for some time. Presumably, their decisions have been reasonably made, based upon the evidence presented. Only then with the weight of additional instructions by the trial judge is it likely that a complete reversal of judgment by a juror takes place.

In the case *sub judice*, the jury had appeared in court and announced that it was deadlocked. The trial judge indicated that he was placing no pressure on the jurors to change their minds or reach a verdict, and then proceeded to advise the jury that at some future time twelve more jurors would have to decide the case at additional cost to the taxpayers of the county and the state. The jury retired and returned a verdict within an hour. It is reasonable to assume that had the judge not so instructed the jury, the minds of the jurors would have remained the same. Cer-

tainly, a unanimous verdict appearing in so short a time arouses question concerning the thrust of the judge's charge.

For the reasons set out herein, the case is remanded to the Superior Court of Mecklenburg County for a

New trial.

Judges MARTIN (Robert M.) and CLARK concur.