STATE OF NORTH CAROLINA v. CHARLIE NATHANIEL BROWN

No. 813SC1066

(Filed 16 March 1982)

1. **Criminal Law § 122.2— inability to reach verdict—further instructions proper**

   The trial judge did not err in giving additional instructions which closely paralleled those set out in G.S. 15A-1235 upon a jury's retiring for deliberation for approximately three hours and returning indicating an inability to reach a verdict. G.S. 15A-1235 is the proper reference for the standards applicable to charges which may be given a jury that is apparently unable to agree upon a verdict, and prefacing his remarks with "in view of the time that was spent trying the case, and although you had indicated you had not reached a verdict," did not have a coercive or prejudicial effect.

2. **Criminal Law § 112.2— instructions on reasonable doubt proper**

   The trial judge was not required to give instructions on reasonable doubt in the exact language of the defendant's request, and the reasonable doubt instructions were proper where the jury was charged, in substance, that they should consider and weigh all of the evidence as well as lack of evidence in determining whether there was reasonable doubt of defendant's guilt.

APPEAL by defendant from *Small, Judge.* Judgment entered 12 March 1981 in Superior Court, PITT County. Heard in the Court of Appeals 9 March 1982.

The defendant was indicted for the armed robbery of Bobby Baker and was found guilty as charged by the jury. From a sentence of a minimum of 10 years and a maximum of 20 years imprisonment, defendant appealed.

---

---

*Attorney General Edmisten by Assistant Attorney General William F. Briley for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defender Nora B. Henry for the defendant-appellant.*

MARTIN (Robert M.), Judge.

[1] The defendant first argues that the judge's instructions to the jury coerced a verdict in violation of N.C. Gen. Stat. § 15A-1235. We disagree.

The jury in this case retired for deliberation at 2:38 p.m. The jurors returned to the courtroom at 5:17 p.m. and handed the blank verdict sheet to the court. The following dialogue occurred between the court and the jury foreman:

> THE COURT: The Sheriff indicates to me that you have been unable to reach a verdict at this point. Is that the message you all sent me?
>
> JURY FOREMAN: Yes, sir.

The court was then recessed overnight. Upon the jury's return in the morning the following occurred:

> THE COURT: Let me ask you this, Mr. Butler—I believe you stated you were the foreman?
>
> MR. BUTLER: Yes, sir.
>
> THE COURT: Do you or does any other member of the jury have any question that you wish to ask the court that if the court could answer may help you in the course of your deliberations?
>
> (No questions.)
>
> THE COURT: I realize that you all deliberated a little less than three hours yesterday afternoon. But in view of the time that was spent trying the case, and although you had indicated you had not reached a verdict, I would like to say this to you. Although your verdict must be unanimous, that is, all 12 of you must agree to whatever verdict you return, I want to instruct you that you have a duty to consult with one another and to deliberate with a view to reaching an agree-

ment if it can be done without violence to an individual's judgment. Each juror must decide the case for himself but only after an impartial consideration of the evidence with his fellow jurors. In the course of your deliberations a juror should not hesitate to reexamine his own views or change his mind if convinced his original opinion is erroneous. No juror should surrender his honest conviction as to the weight of the evidence solely because of the opinion of his fellow jurors or for the mere purpose of returning a verdict. Now, I will tell you, I do not intend to coerce a verdict out of you either way. It would be improper for me to do so. But in view of the length of time that we did spend trying the case, I do feel that I should give you those instructions and let you consider the matter. Now, after you have done so, if you are unable to resolve your differences, or if you develop some questions you wish to ask the court, then come back in and let me know.

Within an hour, the jury returned with a guilty verdict.

N.C. Gen. Stat. § 15A-1235 is the proper reference for standards applicable to charges which may be given a jury that is apparently unable to agree upon a verdict. *State v. Easterling*, 300 N.C. 594, 268 S.E. 2d 800 (1980). The statute borrows from standards approved by the American Bar Association. The Official Commentary to the statute indicates that the Criminal Code Commission deleted a provision which would have authorized the judge to inform the jurors that if they did not agree upon a verdict, another jury may be called upon to try the case. N.C. Gen. Stat. § 15A-1235, Official Commentary; *State v. Easterling, supra.* N.C. Gen. Stat. § 15A-1235 provides in pertinent part:

(b) Before the jury retires for deliberation, the judge may give an instruction which informs the jury that:

(1) Jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;

(2) Each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;

(3) In the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and

(4) No juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.

(c) If it appears to the judge that the jury has been unable to agree, the judge may require the jury to continue its deliberations and may give or repeat the instructions provided in subsections (a) and (b). The judge may not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.

(d) If it appears that there is no reasonable possibility of agreement, the judge may declare a mistrial and discharge the jury.

The defendant relies on *State v. Easterling, supra* at 606, 268 S.E. 2d 808 (1980), where the court was dealing with an additional instruction specifically stating that failure to reach a verdict would require ". . . another week or more of the time of the Court that will have to be consumed in the trial of these actions again. . . . and another jury will have to be selected to hear the case or these cases, and the evidence again." In the present case the instructions of the trial judge closely paralleled those set out in N.C. Gen. Stat. § 15A-1235. The trial judge did not mention a retrial with its attendant expense and inconvenience, but just mentioned the length of time spent trying the case as a prelude to the additional instructions. Reading the charge in its entirety, there is no coercive or prejudicial effect.

In addition there was no evidence in this case that the jury was deadlocked. The court in *Easterling,* while finding error, concluded that a new trial was not required due to the fact that while the erroneous instruction was given after the jury had begun its deliberations, it was given before the jury had returned announcing any deadlock. *State v. Lipfird,* 302 N.C. 391, 276 S.E. 2d 161 (1981). Similarly in this case, there was not the slightest indication that the jury was deadlocked. Thus even if the charge itself was in part impermissible under N.C. Gen. Stat. § 15A-1235,

its use did not prejudice defendant in the case before us. *State v. Lipfird, supra; State v. Easterling, supra.*

[2]   The defendant's remaining assignment of error concerns the failure of the trial judge to give the requested instructions on reasonable doubt. Before trial the defendant requested the following instruction:

> *Burden of Proof and reasonable doubt.* The defendant has entered a plea of "not guilty." The fact that he has been indicted is no evidence of guilt. Under our system of justice, when a defendant pleads "not guilty", he is not required to prove his innocence; he is presumed to be innocent. The State must prove to you that the defendant is guilty beyond a reasonable doubt. A reasonable doubt is a doubt based on reason and common sense, arising out of some or all of the evidence that has been presented, or lack or insufficiency of the evidence, as the case may be. Proof beyond a reasonable doubt is proof that fully satisfies or entirely convinces you of the defendant's guilt.

The general rule in North Carolina is that a charge to the jury must be construed in its entirety. In this case the judge instructed the jury:

> Under our system of justice when a defendant pleads not guilty he is not required to prove his innocence. The defendant is presumed to be innocent. This presumption goes with him throughout the entire trial and until the jury is convinced of his guilt beyond a reasonable doubt.
>
> Now, the term beyond a reasonable doubt does not mean beyond all doubt. Neither does it mean beyond some vain, imaginary or fanciful doubt, but rather it means exactly what that term implies. A reasonable doubt is a doubt based upon common sense and reason, a doubt generated by the insufficiency of the proof.

He further instructed that with respect to believable evidence, the jury must "determine the importance of that evidence in light of all other believable evidence presented during the trial." Later the court instructed, "[i]f after weighing all of the testimony you are not satisfied beyond a reasonable doubt that the defendant

was the perpetrator of the crime charged, it would be your duty to return a verdict of not guilty."

Assuming the requested instruction is correct and is supported by the evidence, the trial judge is not required to give the instructions in the exact language of the request. He must only give the instruction in substance. *State v. Monk,* 291 N.C. 37, 229 S.E. 2d 163 (1976). Here a contextual reading of the charge shows that the jury, in substance, was instructed they they should consider and weigh all of the evidence as well as lack of evidence in determining whether there was reasonable doubt of defendant's guilt. This assignment of error, therefore, is without merit and is overruled.

The defendant had a fair trial free from prejudicial error.

No error.

Judges MARTIN (Harry C.) and WHICHARD concur.