STATE OF NORTH CAROLINA v. JAMES LEE MEBANE

No. 8218SC896

(Filed 15 March 1983)

**1. Criminal Law § 76.5— voir dire hearing on confession—findings of fact not necessary**

It was not error for the trial court to admit defendant's confession without making specific findings where the police officer to whom the confession was made was the sole witness on voir dire and none of the testimony concerning the confession was contradictory, and the trial court's late filing of findings of fact several months after the trial was of no significance.

**2. Burglary and Unlawful Breakings § 4.1; Larceny § 6.1— cigarette lighters similar to those sold by a store where crimes occurred—admissibility in evidence**

In a prosecution for breaking or entering of a store, larceny and safecracking in which the evidence showed that defendant had three disposable cigarette lighters in his pocket when arrested, the trial court properly admitted a packet which had contained three disposable lighters and which bore a sales tag identified as the type used on identical lighters being displayed inside the store.

**3. Burglary and Unlawful Breakings § 5.9— sufficiency of evidence that defendant was inside store where crimes occurred**

In a prosecution for breaking or entering, larceny and safecracking which allegedly occurred at a Bestway Store, the State's evidence was sufficient to show that defendant had been present inside the store so as to support his conviction of the crimes charged where it tended to show that the store had been broken into shortly before defendant was discovered on the roof of the building; cigarette lighters in defendant's pockets had been taken from inside the store; and defendant made a statement to the police in which he admitted using a wrecking bar to pry open the vent area on the roof to let himself inside the store building.

**4. Criminal Law § 112.1— reasonable doubt—failure to give requested instructions**

The trial court did not err in refusing to give defendant's requested instruction on reasonable doubt where the jury was instructed to consider and weigh all the evidence, as well as the lack of evidence, in determination of whether a reasonable doubt of defendant's guilt existed.

**5. Burglary and Unlawful Breakings § 7— felonious breaking or entering—refusal to instruct on lesser included offense**

The trial court in a prosecution for felonious breaking or entering of business premises did not err in refusing to instruct on the lesser included offense of nonfelonious breaking or entering.

APPEAL by defendant from *Davis, Judge.* Judgments entered 30 April 1982 in Superior Court, GUILFORD County. Heard in the Court of Appeals 17 February 1983.

This is a criminal action wherein defendant was charged in proper bills of indictment with breaking or entering, larceny, and safecracking, all felonies.

Upon defendant's pleas of not guilty, the State offered evidence tending to show the following: On 1 February 1982, Greensboro City police officers were summoned to a Bestway store on Phillips Avenue to investigate a break-in. Markings on a safe inside the store indicated someone had attempted to pry it open from the top, its hinges had been sawed off, and a meat saw, a hammer, and a screwdriver were lying on the floor beside the safe. In furtherance of their investigation, the officers found defendant on the roof of the building. He was wearing gloves and had in his pockets three disposable cigarette lighters, later identified as a product sold at the Bestway store. A crowbar and a flashlight were found on the roof next to a ventilation fan. After his arrest, defendant made a statement to police in which he admitted scaling the wall of the Bestway store and using a "wrecking bar" to pry open the vent area on the roof to let himself inside the building.

Defendant offered no evidence.

Defendant was found guilty as charged. On the breaking or entering and larceny charges, the court entered a judgment sentencing defendant to three years in prison. Defendant was sentenced to three years in prison on the safecracking charge, with the sentences to run consecutively. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Mary K. Nicholson for defendant, appellant.*

HEDRICK, Judge.

[1] Defendant's first and second assignments of error relate to the court's failure to make findings of fact and conclusions of law at the time of the voir dire hearing regarding defendant's confession, when the judge denied defendant's motion to suppress the

confession evidence. The voir dire hearing was held on 27 April 1982, the day before defendant's trial, but the judge's written findings of fact were not filed until 10 August 1982. Defendant contends, first, that the confession was improperly admitted into evidence before the findings were made and, second, that it was error for the trial judge "to ex post facto correct errors in the actual proceeding" by filing written findings 105 days subsequent to trial, after the record on appeal had already been served on the District Attorney.

The question raised by these assignments of error is whether the trial judge erred in failing to make findings of fact following a voir dire hearing to determine the voluntariness of the defendant's confession. While it is always the better practice for the court to find the facts upon which it concludes any confession is admissible, it is not error to admit a defendant's incriminating statements without making specific findings when no conflicting testimony is offered on voir dire. If conflicting testimony bearing on the admissibility of a confession is brought out on voir dire, then it is error for the judge to admit the confession upon a mere statement of his conclusion that the confession was made freely and voluntarily, for in such a situation specific findings are necessary in order for the appellate court to determine whether the facts found will support the trial judge's conclusions. *State v. Dunlap*, 298 N.C. 725, 259 S.E. 2d 893 (1979); *State v. Lynch*, 279 N.C. 1, 181 S.E. 2d 561 (1971); *State v. Harris*, 46 N.C. App. 284, 264 S.E. 2d 790 (1980). In the present case, Detective J. W. Crabtree, the police officer to whom the confession was made, was the sole witness on voir dire and none of the testimony concerning the confession was contradictory. Thus, Judge Davis was not required to make specific findings about the facts alleged because there was no conflict to resolve. When Judge Davis denied the motion to suppress, he had properly concluded that the confession was voluntarily and understandingly made and was admissible. Furthermore, the late filing of findings of fact, several months after trial, is insignificant in light of the earlier-noted authority holding that no findings of fact were necessary. We find no prejudicial error.

[2] Defendant's third argument is that the trial judge erred in admitting testimony linking the three cigarette lighters found in defendant's pocket with similar lighters sold by the Bestway

store involved. Several hours following defendant's arrest, an investigating police officer returned to the roof of the building where defendant had been arrested earlier and discovered a packet which had contained three disposable lighters and bore a sales tag, later identified by store personnel as the type used on identical lighters being displayed inside the Bestway store. Defendant contends the court erred in admitting this evidence because it was insufficient to show that the lighters in defendant's possession had been taken from the store or that defendant had left the lighter packaging on the roof. We find this contention to be feckless. The trial judge was correct in admitting this evidence. The weight to be given that evidence was a matter for the jury to decide. *See generally*, 1 BRANDIS ON NORTH CAROLINA EVIDENCE § 8 (2d Rev. Ed. 1982).

[3] Defendant argues by Assignment of Error Nos. 6 and 9 that the court erred in denying his timely motions to dismiss, to set aside the verdict, and for a new trial. The charges against him should have been dismissed, defendant contends, because the State presented insufficient evidence that he was ever present inside the Bestway store. He further maintains the State's evidence was insufficient to support the jury verdict and that he should be awarded a new trial.

We find, however, that defendant's confession, accompanied by evidence that the Bestway store had been broken into shortly before defendant was discovered on the roof of the building, and by the evidence indicating cigarette lighters in the defendant's pockets had been taken from inside the store, was sufficient for the court to overrule each of these motions. These assignments of error are meritless.

[4] The defendant's fifth contention is that the trial judge committed prejudicial error in refusing to give the instruction he requested on reasonable doubt. The general rule in North Carolina is that a jury charge must be construed in its entirety. A contextual reading of the charge in the present case discloses that the jury was instructed to consider and weigh all of the evidence, as well as the lack of evidence, in determination of whether a reasonable doubt of defendant's guilt existed. The trial judge is not required to give the instructions in the exact language of the request but must give the instruction only in substance. *State v.*

*Monk*, 291 N.C. 37, 229 S.E. 2d 163 (1976); *State v. Brown*, 56 N.C. App. 390, 289 S.E. 2d 142 (1982). We find this assignment of error without merit.

[5] Finally, defendant assigns error to the denial of his request for instructions on the lesser included offense of nonfelonious breaking or entering. The necessity of charging on lesser included offenses arises only when evidence is presented upon which the jury could find that a lesser included offense was committed. *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545 (1954); *State v. Crowe*, 25 N.C. App. 420, 213 S.E. 2d 360, *cert. denied*, 287 N.C. 665, 216 S.E. 2d 908 (1975). None of the evidence in the present case supports a charge from which defendant might be found guilty of a lesser included offense. We find no merit in this assignment of error.

We hold the defendant had a fair trial free from prejudicial error.

No error.

Judges WHICHARD and BRASWELL concur.