STATE OF NORTH CAROLINA v. BISHOP MOORE

No. 8329SC77

(Filed 15 November 1983)

1. **Constitutional Law § 40— right to counsel—police visits to jail cell without prior notice to defendant's attorney—no showing of prejudice**

    Defendant failed to show any prejudice resulting to him as the result of at least one visit by a police officer to defendant's jail cell without prior notice to defendant's attorney in that defendant apparently made no incriminating statements until a later date when he made one voluntary statement without prompting by an officer and another incriminating statement in the presence of his attorney.

2. **Criminal Law § 75— confessions—voluntariness**

    A written, signed statement by defendant was admissible into evidence where it was taken only after police read defendant his *Miranda* rights and defendant's attorney had arrived and where there was no evidence that police threatened defendant or promised him rewards for confessing.

3. **Constitutional Law § 30— failure to disclose statement to defendant's attorney—nonprejudicial**

    Any failure of the State to comply with its duty to disclose a short voluntary statement of defendant was nonprejudicial since the State did properly

State v. Moore

disclose the existence of defendant's second, longer statement in which he also confessed to the crime charged.

**4. Criminal Law § 91.1— denial of continuance—failure to publish trial calendar on time—waiver by defendant**

By waiting until the second day of trial to move for a continuance, defendant waived his objection to a tardy publication of the trial calendar. G.S. 7A-49.3.

**5. Indictment and Warrant § 9.8— armed robbery—failure to state in indictment name of person or business from which property taken—indictment fatally defective**

An indictment charging defendant with armed robbery was fatally defective where it failed to state the name of the person or business from which the property was taken. G.S. 14-87(a).

Judge EAGLES concurs in the result.

APPEAL by defendant from *Owens, Judge.* Judgment entered 11 June 1982 in MCDOWELL County Superior Court. Heard in the Court of Appeals 29 September 1983.

Defendant Bishop Moore was indicted for assault with a deadly weapon and armed robbery, stemming from the robbery and beating of Josephine Blanton on 30 November 1981. Following a three day jury trial, defendant was found guilty of both charges and sentenced to a total of 26 years in prison.

Evidence for the state tended to show that, on the day of the robbery, defendant stood watch outside the business where the victim worked. A second man entered and actually carried out the robbery and another man and a woman waited nearby in a getaway car. At trial, the victim testified that she was alone in the business at the time of the robbery, that her assailant was wearing a ski mask and that she was unable to identify who robbed her. Defendant presented no testimony on his own behalf. From the verdicts of guilty and entry of judgment on the verdicts, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Robert H. Bennink, Jr. and Special Deputy Attorney General Jo Anne Sanford, for the State.*

*Joe K. Byrd, Jr., for defendant.*

WELLS, Judge.

Defendant presents numerous assignments of error, several of which relate to the use of defendant's confession at trial. Defendant contends that the trial court erred in denying his motion to suppress incriminating statements made by defendant to Officers Smith and Swafford of the Marion Police Department on 18 February 1982. Defendant asserts that (1) the state infringed on his right to counsel by visiting defendant without advising defendant's counsel, (2) that the incriminating statements were not voluntarily made, (3) that defendant did not waive his right to counsel or his right to remain silent before making the incriminating statements and (4) that statements of defendant were not disclosed to defendant's counsel despite a discovery request.

Upon defendant's motion to suppress the statements, the trial court conducted a lengthy *voir dire* hearing. The court found in summary, the following facts:

On 18 February 1982, defendant was an inmate in the McDowell County Jail, where he had been since December, 1981 when he was arrested and charged with the assault and armed robbery of Ms. Blanton. On the afternoon of 18 February 1982, defendant called Marion Police Officer Smith on the telephone and asked Officer Smith to come to the jail. On the way, Officer Smith went by the Police Department and asked Officer Swafford to accompany him. The two officers arrived at the jail about 6:45 p.m., and were taken to see defendant. Shortly after defendant saw the officers, and before any questions were asked, defendant stated that "I did the Josephine Blanton robbery." Officer Smith then told defendant not to say anything else, and suggested defendant call his court appointed attorney, Donald Coats. The officers then took defendant to the Police Department and at 8:10 p.m., defendant was advised of his *Miranda* rights. Defendant telephoned Coats, who arrived soon afterwards and tape recorded the ensuing interrogation of defendant. Defendant's statement was later reduced to writing by police. At the time the statements were made, defendant appeared nervous and his eyes were swollen, as if he had been crying, but defendant expressed himself well and was coherent. Defendant did not appear to be under the influence of drugs or alcohol, and was neither threatened nor promised any rewards for confessing.

Although defendant's attorney was present during the entire time of the interrogation at the Police Department, defendant's attorneys first became aware of the earlier oral statement, "I did the Josephine Blanton robbery" during the *voir dire* examination of Officer Smith on 2 June 1982.

Based on the findings of fact, the court made the following conclusions of law:

1. Defendant's oral statement, "I did the Josephine Blanton robbery," was made freely and voluntarily.
2. The longer statement which was later reduced to writing was freely and voluntarily made after defendant had been advised of his *Miranda* rights and after his attorney had arrived.

After making these findings of fact and conclusions of law, the trial court denied the motion to suppress all statements made by defendant on 18 February 1982.

Our careful examination of the trial transcript shows that the trial court's findings of fact are supported by the evidence presented on *voir dire*. This leaves only the question whether the trial court's findings of fact support its conclusions and rulings on defendant's motion to suppress. *See e.g., State v. Thompson,* 287 N.C. 303, 214 S.E. 2d 742 (1975), *death sentence vacated,* 428 U.S. 908, 96 S.Ct. 3215, 49 L.Ed. 2d 1213 (1976).

[1] We address first defendant's contention that his constitutional right to counsel was violated by police visits to his jail cell without prior notice to defendant's attorney. Evidence of these visits in the record and briefs is hazy at best, but it appears that Officer Smith visited defendant at least one time before 18 February 1982, and that Officer Smith gave defendant some cigarettes. While we frown on such visits, defendant has failed to show any prejudice resulting to him as a result of the meeting, since he apparently made no incriminating statements until 18 February 1982. In the absence of any other showing of prejudice, defendant's assignment of error is overruled.

[2] Defendant next argues that the statements should have been suppressed because the statements were not voluntarily made. We disagree. The second, longer statement was taken only after police read defendant his *Miranda* rights and defendant's attorney had arrived. There was no evidence that police threatened de-

fendant or promised him rewards for confessing. *See State v. Vickers*, 306 N.C. 90, 291 S.E. 2d 599 (1982), and *State v. Whitt*, 299 N.C. 393, 261 S.E. 2d 914 (1980). Because the second statement was admissible, we need not reach the issue of admissibility of the first, short statement made spontaneously by defendant soon after Officer Smith arrived at his cell. The second, longer statement clearly implicated defendant and admission of the first statement therefore cannot have been prejudicial to defendant. For the same reasons we also overrule defendant's contention that the statement should have been suppressed because defendant made no waiver of the right to counsel and the right to remain silent.

[3]   Next, we address defendant's argument that the confession should have been suppressed because the state failed to disclose the contents of the confession before trial. The record shows that Donald Coats, defendant's first court appointed attorney, filed a discovery motion on 5 January 1982. The state responded on 24 March 1982, indicating that it intended to use the second statement against defendant at trial. The state did not disclose the first, short statement, "I did the Josephine Blanton robbery." The record also indicates that after attorney Joe Byrd replaced Coats as counsel for defendant on 30 March 1982, no further requests for discovery were filed until after the trial began. We hold, therefore, that the state complied with its duty as to discovery of the second, longer statement. The burden is on a defendant to seek discovery, *State v. Lang*, 46 N.C. App. 138, 264 S.E. 2d 821, *rev'd on other grounds*, 301 N.C. 508, 272 S.E. 2d 123 (1980), and a defendant waives his right to discovery by failing to request documents. *State v. Anderson*, 303 N.C. 185, 278 S.E. 2d 238 (1981). Defendant's counsel may not seek suppression of defendant's incriminating statements on the grounds that the state failed to disclose the statements, where trial counsel failed to request discovery. The record indicates that the state did not disclose defendant's first, short statement to either Mr. Coats or to Mr. Byrd. The trial judge made no finding of fact concerning when the state first became aware of the existence of the statement, but we need not decide that question to resolve the issue before us. The state clearly has a continuing duty to respond to proper discovery requests and must update its disclosures when it learns of additional evidence covered by the initial discovery

request. However, any failure of the state to comply with its duty to disclose the first statement was nonprejudicial to defendant, since the state did properly disclose the existence of defendant's second, longer statement.

[4] Defendant next argues that the trial court erred in denying his motion to continue because the district attorney failed to publish a trial calendar in accordance with G.S. § 7A-49.3. Under the statute, the calendar must be filed at least a week before the beginning of a superior court session for criminal cases. In the case before us, the district attorney filed the calendar approximately five and one-half days before the court session began. By waiting until the second day of trial to move for continuance, however, defendant waived his objection to the tardy publication of the calendar. Defendant's assignment of error is overruled.

[5] Finally, we address defendant's argument that the trial court erred in denying his motion to dismiss because of fatal defects in the indictment charging him with armed robbery. The indictment, returned on 11 January 1982, fails to state the name of the person or business from which the property was taken. As a result, it fails to meet the requirements of G.S. § 14-87(a), which lists the elements of armed robbery as follows: (1) the unlawful taking or attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened.

The indictment in this case was as follows:

The State of North Carolina

v.

Bishop Moore
             Defendant

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 30th day of November, 1981, in McDowell County Bishop Moore unlawfully, wilfully, and feloniously having in his possession and with the use and threatened use of firearms, and other dangerous weapons, implements, and means, to wit: a hammer and knife whereby the life of Josephine Blanton

was endangered and threatened, did then and there
unlawfully, wilfully, forcibly, violently and feloniously
take, steal, and carry away United States Currency of
the value of less than four hundred dollars, from the
presence, person, place of business, and residence of _____

_____ .

While the state correctly notes that a number of cases hold
that an indictment for armed robbery need not allege actual legal
ownership of property, *see e.g., State v. Rogers,* 273 N.C. 208, 159
S.E. 2d 525 (1968), and *State v. Fate,* 38 N.C. App. 68, 247 S.E. 2d
310 (1978), the indictment must at least name a person who was in
charge or in the presence of the property at the time of the rob-
bery, if not the actual, legal owner. In the case at bar, the indict-
ment states neither the legal owner of the property, the person
who had control or custody of it at the time of the robbery, nor
the place from which the property was stolen. Such an indictment
is fatally defective as it is not sufficiently detailed to bar a later
prosecution for the same offense. *State v. Taylor,* 280 N.C. 273,
185 S.E. 2d 677 (1972). Defendant's motion should have been al-
lowed.

We have examined the rest of defendant's assignments of er-
ror carefully and conclude that they are without merit and are
overruled.

The result is:

In 81CRS6789, the judgment and sentence is

Vacated.

In 81CRS6786,

No error.

Judge ARNOLD concurs.

Judge EAGLES concurs in the result.