STATE OF NORTH CAROLINA v. JOHNNIE OLIVER JOHNSON, JR.

No. 8526SC877

(Filed 15 April 1986)

Criminal Law § 122.2— inability to reach verdict—inconvenience of retrial—instructions improper

 Where the trial court had a statement from the foreman that the jury was unable to reach a verdict and the court was advised of the eleven to one division of the jury, the trial court erred in mentioning the potential inconvenience and use of the court's time in retrying the case. N.C.G.S. § 15A-1235.

APPEAL by defendant from *Wright, Judge*. Judgments entered 18 April 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 January 1986.

Defendant was convicted of (i) "[p]reparation to commit burglary to wit: possession without lawful excuse an implement of housebreaking" and (ii) "[p]reparation to commit burglary to wit being found in a building with the intent to commit larceny

therein." Defendant appealed from the imposition of two consecutive nine-year terms of imprisonment.

*Attorney General Thornburg, by Lucien Capone, III, Assistant Attorney General, for the State.*

*Public Defender Isabel Scott Day, by Gail M. Phillips, Assistant Public Defender, for defendant appellant.*

PARKER, Judge.

In his first assignment of error, defendant contends the trial court erred during the charge to the jury by commenting on the effect of the failure of the jury to reach a verdict. We agree.

The jury in this case began deliberations at approximately 2:54 p.m. At approximately 5:35 p.m., the jury sent a note to the court which stated: "The jury is not able to reach a verdict. . . . The jury feels you should know that the vote is [e]leven to one [g]uilty as charged. [O]nly [t]en of us think you should know this." The jury thereafter returned to the jury box, and the following dialogue occurred:

THE COURT: Do you have a foreman?

MR. REID: Yes, sir.

THE COURT: Who speaks for you?

MR. REID: I am speaking as foreman, Tom Reid.

THE COURT: Now, I have been given a note. You are familiar with this note?

MR REID: Uh-huh.

THE COURT: Please don't answer until I tell you to answer because the slightest thing that I do in this court could make a reversal in the higher courts. You have said here, I believe, that it stands 11 to 1. Is that true?

MR. REID: That is correct.

THE COURT: Thank you. You can have a seat. Now, ladies and gentlemen of the jury, I presume you ladies and gentlemen realize what a disagreement means on the failure of the jury to reach a verdict. It means, of course, that it will be

another week, or hopefully less, time of this court that will have to be consumed in the trial of this action again. I don't want to force you or coerce you in any way to reach a verdict, but it is your solemn duty to try to reconcile your differences and reach a verdict, if it can be done without the surrender of anyone's conscientious convictions. You have heard the evidence in this case. A mistrial, of course, will mean that another jury will have to be selected and hear the case and the evidence again. The Court recognizes the fact that there are sometimes reasons why jurors cannot agree. The Court wants to emphasize the fact that it is your duty as citizens to do whatever you can to reason the matter over together as reasonable men and reasonable women and try to reconcile your differences, if such is possible, without surrender of your conscience or your convictions and reach a verdict. I will let you resume your deliberations and see if you can. Sheriff, take the jury back to the jury room.

The jury returned to the jury room at 5:40 p.m. Within one hour of this instruction, a verdict of guilty on both counts was reported to the court.

Our Supreme Court in *State v. Easterling*, 300 N.C. 594, 608, 268 S.E. 2d 800, 809 (1980) stated that pursuant to G.S. 15A-1235 "a North Carolina jury may no longer be advised of the potential expense and inconvenience of retrying the case should the jury fail to agree. It was thus error for the trial court to mention this fact to the jury." However, since the instruction was given before the jury had returned announcing any deadlock, the Court held that the error was not prejudicial.

The Court further stated:

We caution the trial bench, however, that our holding today is not to be taken as disapproval of the contrary result reached in *State v. Lamb*, [44 N.C. App. 251, 261 S.E. 2d 130, *disc. rev. denied*, 299 N.C. 739, 267 S.E. 2d 667 (1980)], a case in which initial jury disagreement preceded the offending instruction. Clear violations of the procedural safeguards contained in G.S. 15A-1235 cannot be lightly tolerated by the appellate division. Indeed, it should be the rule rather than the exception that a disregard of the guidelines established

in that statute will require a finding on appeal of prejudicial error. 300 N.C. at 609, 268 S.E. 2d at 809-10.

In *State v. Lamb, supra,* this Court granted defendant a new trial where the judge's charge mentioned the expense and inconvenience of a retrial. In particular, the foreman informed the court that the numerical division of the jury was nine to three and stated that in his opinion the jury could not reach a decision. The trial judge thereafter mentioned the time and expense of a retrial, and the next morning offered substantially the same charge as was given here.

In the case *sub judice,* not only did the trial judge have a statement from the foreman that the jury was unable to reach a verdict, the court was advised of the eleven to one numerical division of the jury. "[W]here the jury is deadlocked, and this fact is known to the trial judge, the mention of inconvenience and additional expense may well be prejudicial and harmful to the defendant, and must be scrutinized with extraordinary care." *State v. Mack,* 53 N.C. App. 127, 129, 280 S.E. 2d 40, 42 (1981). *See also State v. Lipford,* 302 N.C. 391, 276 S.E. 2d 161 (1981).

Although the instruction herein did not mention the expense of retrying the case, it clearly mentioned the potential inconvenience and use of the court's time. In our view, based on the principles outlined above, this instruction constituted prejudicial error. We are unable to perceive any distinguishable differences between the factual situation presented in *State v. Lamb, supra,* and the one presented herein.

We do not discuss defendant's remaining assignments of error as they may not occur at retrial.

For the reasons set out herein, the case is remanded to the Superior Court of Mecklenburg County for a

New trial.

Judges WHICHARD and BECTON concur.