STATE v. BUCKOM

[111 N.C. App. 240 (1993)]

STATE OF NORTH CAROLINA v. GARY DEVON BUCKOM

No. 928SC1318

(Filed 20 July 1993)

**Criminal Law § 880 (NCI4th) — inability of jury to agree — instruction on expense of retrial — prejudicial error**

The trial court's instruction that the jury should try to reconcile its differences because of the expense of a retrial, given after the foreperson announced that the jurors were unable to agree, constituted prejudicial error.

**Am Jur 2d, Trial §§ 1593, 1603.**

Judge LEWIS dissenting.

Appeal by defendant from judgment entered 24 January 1992 by Judge Knox V. Jenkins, Jr. in Wayne County Superior Court. Heard in the Court of Appeals 9 July 1993.

Defendant was indicted and convicted on two counts of armed robbery. Defendant was sentenced to consecutive twenty-five year terms with the North Carolina Department of Correction.

The jury in this case began deliberations at 11:55 a.m. on 24 January 1992, a Friday. During the day, the jury requested and received exhibits, took a lunch break, and a short recess. At approximately 4:32 p.m. the following transpired:

(JURY RETURNS 4:32 P.M.)

THE COURT: Mr. Foreman, is the jury making progress?

FOREMAN: I don't know, sir.

THE COURT: Pardon?

FOREMAN: No, sir, we're hung up now.

THE COURT: Do you feel that some additional time would— is this as to both charges?

FOREMAN: Both charges.

THE COURT: Let me ask you this. I don't want to know which way, for guilt or innocence. I don't want to know that so be careful when you answer my question and I'll try to phrase it very carefully.

STATE v. BUCKOM

[111 N.C. App. 240 (1993)]

Would you give me the numerical division without which way it is. For instance, if it's eight-four, ten-two, whatever.

FOREMAN: Do you want me to give it in figures the way it is but not what way it's going?

THE COURT: Yes.

FOREMAN: Nine-three.

THE COURT: On both counts?

FOREMAN: Both counts.

THE COURT: Do you feel that further deliberations would be of some value?

FOREMAN: I don't think so.

THE COURT: Well, let me give you some further instructions, please. I would ask that you listen very carefully.

No juror should surrender his or her honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. In the course of deliberation, each of you should not hesitate to re-examine your own views and change your opinion if it is erroneous. Each of you must decide the case for yourself but only after impartial consideration of the evidence with your fellow jurors.

Y'all have a duty to consult with one another and to deliberate with a view on reaching an agreement if it can be done without violence to individual judgment. Members of the jury, it is your duty to try to reconcile any differences that you have in order to reach a verdict. *The main purpose of that is that it will be expensive again to have to get another jury to try this case over.* I'm not saying this to try to coerce you in any way to reach an agreement or cause someone to change any conviction they might have. It is your duty to try to reconcile any differences that you have and I'll let you go back for a little while and see if you can follow this charge.

It's now 25 minutes till five. Would anyone need to make a telephone call prior to going back in the jury room?

FOREMAN: How long are you talking about?

THE COURT: Did everyone hear the charge I just gave you?

JURY PANEL: Yes, sir.

THE COURT: Well, the Bailiff will notify you. If you would, go back to the jury room and continue your deliberations.

(JURY RETIRES 4:37 p.m.)

After retiring the jury returned at 4:48 p.m. for further instruction on the crime of armed robbery. At 5:31 p.m. the jury returned with a unanimous verdict finding the defendant guilty of the crimes charged.

*Attorney General Michael F. Easley, by Assistant Attorney General Karen E. Long, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender, Benjamin Sendor, for the defendant-appellant.*

EAGLES, Judge.

In his first assignment of error defendant argues that the trial court erred by "instructing the jury, as part of an anti-deadlock instruction, that 'the main purpose' of trying to reconcile differences in further deliberations was to avoid an expensive retrial." We agree.

The trial judge's instruction that the jury should try to reconcile its differences because of the expense of a retrial, given after the foreperson announced they were unable to agree, constituted prejudicial error under opinions of both our Supreme Court and this Court. *E.g. State v. Lipford,* 302 N.C. 391, 276 S.E.2d 161 (1981); *State v. Easterling,* 300 N.C. 594, 268 S.E.2d 800 (1980); and *State v. Johnson,* 80 N.C. App. 311, 341 S.E.2d 770 (1986). Accordingly, defendant must receive a new trial.

We do not address the defendant's remaining arguments as they may not arise at retrial.

New trial.

Judge GREENE concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I respectfully dissent from the majority opinion that the trial judge's instruction established prejudicial error. Our Supreme Court stated in *State v. Alston*:

> One of the cardinal rules governing appellate review of trial court instructions is that the charge will be read contextually and an excerpt will not be held prejudicial if a reading of the whole charge leaves no reasonable grounds to believe the jury was misled.

294 N.C. 577, 243 S.E.2d 354, 365 (1978). A new trial is not warranted by a mere acknowledgement of the expense and inconvenience of retrial in the jury instructions unless the charge as a whole is coercive. *State v. Darden*, 48 N.C. App. 128, 268 S.E.2d 225 (1980), *State v. Jones*, 47 N.C. App. 554, 268 S.E.2d 6 (1980).

In the case at hand, the sole basis for the majority opinion granting retrial is the isolated sentence, "[t]he main purpose of that is that it will be expensive again to have to get another jury to try this case over." It is conceded that this sentence standing alone could seem undesirable. However, when viewed as a whole the overall effect of the instruction was to inform, not to coerce. Faced with a deadlocked jury, the judge gave the additional instruction to outline the present situation of the trial. The trial judge properly adhered to N.C.G.S. § 15A-1235(c) (1992) by clearly stating that jurors should not surrender their honest convictions. The trial judge properly stated in cautionary language that he did not intend to coerce a verdict. Emphasis was placed on the importance of working towards agreement, but not necessarily reaching one.

In *Jones*, the Court found no error in the following instruction when the jury failed to agree:

> that if this case is not brought to a verdict as I previously instructed you that another judge and another jury in another week will try this case again.

47 N.C. App. at 562-563, 268 S.E.2d at 11. Neither was error found in *Darden* where a similar instruction was at issue. 48 N.C. App. at 134, 268 S.E.2d at 227. The trial judge stated to a deadlocked jury:

> I presume that you realize what a disagreement means: it means that more time of the court will have to be consumed in the trial of this action again.

*Id.* We find the instruction at issue in the case at bar no more coercive than either of these.

The sentence stressed by the majority is not coercive when the instructions are reviewed in their entirety. Upon careful review of the record, I would affirm the decision of the trial court and find no prejudicial error. Therefore I respectfully dissent.